EMILY MELTON, Appellant, v. ROY D. MELTON et al., Appellees.

**DEEDS: Validity—Duress—Evidence.** A deed was not procured by duress or fear, where the wife conveyed property in trust to her children, as the price of her being permitted to sue for a divorce without having a defense made that would reflect on her character, there being at no time any physical coercion employed to obtain her agreement, and the only testimony having the slightest tendency to show the exercise of moral duress being found in her statements that her husband and his attorney threatened to attack her character.

*Appeal from Cedar District Court.*—F. O. ELLISON, Judge.

JULY 10, 1919.

REHEARING DENIED SEPTEMBER 20, 1919.

ACTION in equity to set aside a deed of conveyance. Petition dismissed, and plaintiff appeals.—*Affirmed.*

*Treichler & Treichler,* for appellant.

*C. J. Lynch* and *Hamiel & Mather,* for appellees.

WEAVER, J.—Plaintiff is the divorced wife of the defendant, Roy D. Melton. Prior to the beginning of the divorce proceeding, plaintiff was the owner in her own right of a farm of 160 acres, together with a substantial amount of personal property, and had recently inherited moneys and credits to the amount of $26,000. The parties having separated before suit was brought, they made a settlement of some sort concerning their property rights, and, as a result of such negotiation, plaintiff paid her husband the sum of $9,250. Soon afterward, the husband demanded further concessions as a condition of final settlement, and insisted:

1. That plaintiff should convey the farm to the five children of their marriage, or to a trustee for their benefit; and

2. That she pay him a further sum for his alleged interest in the personal property on the farm. This demand was for $2,500, an amount which was finally reduced by agreement to $1,550. After some contention and negotiation on the matter, plaintiff yielded, conveyed the farm to H. E. Gibeant in trust for her children, subject to a life estate in herself, and paid the sum of $1,550 to her husband, who united with her in making the deed of trust to Gibeant.

After this settlement, plaintiff brought an action for divorce. Her husband entered an appearance to the action, but subsequently withdrew it, and plaintiff obtained a decree of absolute divorce, with a confirmation of the property settlement made by the parties. Two months later, this action was begun to set aside the deed, naming as defendants her former husband, her children, and Gibeant, the trustee. As grounds for such relief, she alleges that, at the time the deed was made, she was ill, and suffering great mental distress, and was also laboring under great fear and anxiety on account of threats made and intimidation exercised over her by her husband, and on account of his avowed determination to blacken her character by charges of adultery; and that, because of the coercion and duress so exercised over her by her husband and his attorney, and being advised thereto by her brother and her banker, she executed the conveyance in question, not of her own free will, without adequate comprehension of her legal rights, or of the effect of the writings which she signed. These allegations are denied by the answers of the several defendants. The denials are also accompanied by much other matter, which it is unnecessary to rehearse.

After hearing the evidence, the court, finding that the allegations of the petition had not been sustained, dismissed the bill.

The merits of this case hardly justify any extended dis-

cussion. If we may concede that plaintiff states in her petition a sufficient cause for setting aside the deed (which is doubtful), it must still be said that the evidence falls far short of establishing the truth of her allegations. That she was laboring under a degree of excitement and anxiety was doubtless true, and that the strain so existing temporarily showed visible effects in her bodily condition, need not be doubted; but that she acted under compulsion amounting to duress, or that she did not fully comprehend the legal effect and purpose of the deed she made, cannot be believed.

When she received a statement of her husband's demands, she took time for reflection. She consulted her banker and her brother, both of whom advised her that a settlement, if obtainable on reasonable terms, was better than litigation; and there is not the slightest evidence that either of them acted otherwise than in perfect good faith. Having made the settlement, executed the deed, and paid the amount agreed upon, she proceeded to bring her action for divorce. While not so expressly stated, it cannot be doubted that this settlement between husband and wife and this adjustment of their property rights were made in contemplation of divorce proceedings; and it is no less evident that, in her anxiety and determination to obtain the divorce, she intelligently consented to make the deed, to remove, if possible, all obstacles to that end.

The deed was made on January 4, 1916. The divorce was not granted until February 8, 1916. There is no suggestion anywhere or by anyone that the alleged coercion or duress of which she complains continued during this period, or that she was not in a normal condition of physical health and mental soundness when she proved up her case and took a decree by which the property settlement between herself and her husband was confirmed. There is no pretense that any physical coercion was at any time employed to ob-

tain her agreement to the settlement, and the only testimony having the slightest tendency to show the exercise of moral duress is found in her statement that her husband or his attorney threatened to attack her character. The conversation to which she refers appears to have taken place at a meeting of the parties which had been brought about to consider the husband's demand for a conveyance of the farm in trust for the children, and a further money payment to himself. The demand, as she admits, threw her into a rage, and bitter things were said on both sides; and the substance of the husband's statement seems to have been that, if she refused to comply with his terms, he would fight her claim for a divorce "to the bitter end," and set up a defense which would reflect on her character; but this was not duress, in any sense of the word.

The question with which she was confronted was whether she was willing to settle this property upon the children of the marriage, as the price of being permitted to sue for a divorce without meeting a defense which might be attended with unpleasant publicity. That question she decided for herself in the affirmative. Having acceded to the demand of her husband, she availed herself of the advantage thus acquired, brought her suit, obtained her divorce, and, as we have said, a judicial confirmation of the property adjustment.

The trust provided for the children by the deed is complete in form and in substance, and there is an entire failure of proof of any fact or circumstance to justify setting it aside.

For the reasons stated, the decree of the district court is—*Affirmed.*

LADD, C. J., GAYNOR and STEVENS, JJ., concur.